UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Andreana Shazettet Goldsmith, | ) | C/A No.: 6:12-cv-02423-GRA |
| | ) | Cr. No.: 6:11-cr-00589-GRA-5 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Andreana Shazettet Goldsmith's (hereinafter "Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "§ 2255 Motion"). Respondent has filed a Response and Summary Judgment Motion. For the reasons stated below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED, and Respondent's Motion for Summary Judgment is GRANTED.

**Facts**

On September 9, 2011, Petitioner pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B), and pursuant to a written plea agreement with the Government. ECF No. 189 & 192. The agreement stated that Petitioner waived her right "to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." Plea Agreement, ECF No. 189 at 4. On January 12, 2012, Petitioner was sentenced to a term of sixty months imprisonment and four years of supervised release. ECF No. 234. Petitioner did not file a direct appeal, but instituted this § 2255 Motion on August 20, 2012, seeking to vacate, set

aside, or correct her current sentence based on the Fourth Circuit's holding in *United States. v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). ECF No. 253. Respondent filed a Response in Opposition to the § 2255 Motion and a Motion for Summary Judgment on September 21, 2012. ECF No. 256 & 257. Petitioner was advised to respond to the Motion for Summary Judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 21, 2012. ECF No. 258. Petitioner did not file a response to the Motion.

### Standard of Review

Petitioner brings this Motion *pro se*. This Court is required to construe *pro se* pleadings liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not "rewrite a [motion] to include claims that were never presented," *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), "construct a party's legal arguments for him," *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the

sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments and the record plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. In order for an action to survive summary judgment, a genuine issue of material fact must exist. Fed. R. Civ. P. 56. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

**Discussion**

In the instant § 2255 Motion, Petitioner alleges that under the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), she is "no longer a felon under federal law;" therefore, she is entitled to be released from federal custody. This § 2255 Motion fails for two reasons. First, Petitioner waived her appellate rights, including her right to challenge her sentence in a § 2255 motion. Secondly, even if the Court were to reach the merits in this action, the action would fail on the merits.

Respondent contends that Petitioner waived her rights to contest the conviction in either a direct appeal or post-conviction action. *See* ECF No. 256. Petitioner signed a written plea agreement which states:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement, ECF No. 189 at 4.

In the Fourth Circuit, a defendant may waive her right to collaterally contest her conviction and sentence "so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). A voluntary waiver will be enforced "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) (citing *United States v. Attar*, 38 F.3d 727, 731–33 (4th Cir. 1994)).

A waiver of appellate review is valid if the defendant "knowingly and intelligently" waived her appellate rights. *Id.* at 169. The Fourth Circuit has held that:

> [A]lthough this determination is often made based on the adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is 'evaluated by reference to the totality of the circumstances.' Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'

*Id.* (quoting *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002), *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)).

In the instant case, Petitioner expressly acknowledged that she understood that she was giving up her right to appeal her conviction and sentence after being questioned by the Court. The transcript of Petitioner's Federal Rule of Criminal Procedure 11 proceedings shows that Petitioner "knowingly and intelligently" waived her right to appeal the sentence:

> **[Prosecutor]:** The defendant is aware that she has certain rights to contest a conviction or sentence. Acknowledging these rights, the defendant waives the right to contest either the conviction or the sentence in any direct appeal or post-conviction action. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.
> **The Court**: Did you fully understand that?
> **[Defense Attorney]**: One moment, Your Honor. Let me make sure she understands the question.
> . . .
> **The Court:** All right.
> **The Defendant:** Yes, sir.
> **The Court:** You fully understand it?
> **The Defendant:** Yes, sir.
> **The Court:** It's a very valuable right. The right to appeal. And you are giving up your right of appeal for a lower sentence; is that correct?
> **The Defendant:** Yes Sir.

Transcript of Change of Plea Proceedings, ECF No. 255 at 17–18.

Petitioner's statements in Court were made under oath; therefore, they "carry a strong presumption of verity." *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) quoting *Blackledge v. Allison*, 431 U.S. 63 (1977). She also signed a written plea agreement, which affirmed that Petitioner "has entered this Agreement as a matter

of [Petitioner's] free and voluntary choice . . . ." Plea Agreement, ECF No. 189 at 4. Thus, the totality of the circumstances shows that Petitioner "knowingly and voluntarily" entered into the waiver of appellate review and the waiver should be enforced.

In the waiver, Petitioner gave up her right to attack her conviction and sentence for any reason other than ineffective assistance of counsel or prosecutorial misconduct. Plea Agreement, ECF No. 189 at 4. In the instant § 2255 Motion, Petitioner does not allege ineffective assistance of counsel or prosecutorial misconduct; rather, she argues that because she did not have a criminal history, the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) should not have been applied to the total offense level. ECF No. 253. She bases her claim on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *Id.* The issue being contested thus falls within the scope of the waiver of appellate review, and the claims must be dismissed pursuant to that waiver.

Furthermore, even if the Court were to decide the instant § 2255 Motion on the merits, Petitioner would not be entitled to relief. In *United States v. Simmons*, the Fourth Circuit held that when applying an enhancement for a defendant's criminal history, district courts should not consider "hypothetical aggravating factors" but should only look to the crime for which the defendant was "actually convicted." *Simmons*, 649 F.3d at 244–45. In this case, Petitioner did not receive an enhancement under the United States Sentencing Guidelines for having prior criminal history and possessing a weapon. She received a two-point increase in the total offense level for possessing a weapon while committing the drug trafficking offense for which she was convicted. Under U.S.S.G. §2D1.1(b)(1), a two-point enhancement is added "if a dangerous

weapon (including a firearm) was possessed" during the commission of the offense. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2011). The enhancement is not predicated on the defendant's criminal history; therefore, the holding in *United States v. Simmons* does not apply in this case.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, the Court shall deny the Motion. The court declines to issue a certificate of appealability in this matter.[1]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS FURTHER ORDERED** that Respondent's motion for Summary Judgment is GRANTED, and this matter is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 6, 2012
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").